## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JAMES DAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 21-2146-KHV** |
| | ) | |
| **F. COULTER DEVRIES, et al.** | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

James Day filed suit, *pro se*, against F. Coulter DeVries, Daniel Jones and B. Janeen DeVries alleging fraudulent breach of fiduciary duty and fraud on the court.  See Complaint (Doc. #1) filed March 29, 2021.  On October 18, 2021, the Court sustained defendants' motions to dismiss but granted plaintiff leave to amend his complaint on or before October 29, 2021.  The Court held that in his amended complaint, plaintiff must allege specific facts as to each individual defendant and allege with factual particularity (who, what, when, where and why) each instance of alleged fraud.  See Order (Doc. #17); Order (Doc. #18).  On December 15, 2021, plaintiff filed an amended complaint which alleged the same causes of action and added DeVries & Associates, P.C., as a defendant.[1]  Plaintiff's First Amended Complaint (Doc. #24).  This matter comes before the Court on Defendant Janeen DeVries' Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b) Or, In The Alternative, For Failure To Comply With The Court's Order Dated October 18, 2021 (Doc. #25) filed December 29, 2021; Defendants DeVries and Jones' Motion To Dismiss For Lack Of Subject

---

[1] On December 8, 2021, plaintiff filed a Motion For Leave To File Plaintiff's First Amended Complaint Out Of Time (Doc. #21).  Magistrate Judge Theresa J. James granted that motion on December 13, 2021.  See Order (Doc. #23).

Matter Jurisdiction And For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b) Or, In The Alternative, For Failure To Comply With The Court's Order Dated October 18, 2021 (Doc. #26) filed December 29, 2021; and Defendant DeVries And Associates, PC's Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b) Or, In The Alternative, For Failure To Comply With The Court's Order Dated October 18, 2021 (Doc. #31) filed January 19, 2022.  For reasons stated below, the Court sustains defendants' motions to dismiss.

### **Factual Background**

DeVries & Associates, P.C., is a law firm in Kansas City, Missouri.  At all relevant times, F. Coulter DeVries ("Coulter"), Daniel Jones and B. Janeen DeVries ("Janeen") were attorneys at DeVries & Associates.

On September 17, 1998, Day hired DeVries & Associates, Coulter, Jones and Janeen to provide legal services to him and his wholly-owned Kansas corporation, Day Advertising, Inc., in a dispute with a former employee, Eric Johnson.  The dispute involved an alleged car loan to Johnson and enforcement of a non-compete agreement with him.  The promissory note which evidenced the car loan was stolen and Day had no electronically stored copies of it.  In their initial meeting, Day told Coulter and Jones that he had no versions or copies of the promissory note. Knowing this, Coulter and Jones still asked Day to find an electronically stored copy on his computer.  Coulter and Jones memorialized this request in their letter of engagement with Day dated September 18, 1998.

Throughout the next month, as part of their representation, defendants filed a "meritless and ultimately unsuccessful antitrust action" against Johnson in the district court of Johnson County, Kansas.  This action was filed to waste Day's attorneys' fees by needlessly going to court

multiple times without any reasonable possibility of success.   Day eventually expressed displeasure with defendants' "fruitless waste of time."   As a result, Coulter and Jones suggested that Day pursue a replevin action to repossess the car.   In pursuit of this remedy, at the request of Coulter and Jones, Day tried to re-create the promissory note from memory.   On September 23, 1998, Jones spent more than six hours at Day's office interviewing Day's employees about the original note.   All employees verified that the original document and the electronic copies no longer existed.   Shortly after the interviews, Day remembered additional terms in the note and created a second version.   He expressly told Jones that he had re-created the notes from memory to the best of his ability.

Defendants presented one of the re-created notes to the district court of Johnson County and affirmatively and knowingly misrepresented that the document was "an exact, electronically-stored copy of the original that had been signed by Johnson" and was "identical to the one that Johnson signed."   Based on defendants' representations, the district court of Johnson County granted replevin and authorized the seizure of Johnson's car.   Johnson and his attorney later convinced the court that it had granted replevin based on fraudulent misrepresentations, and obtained an *ex parte* order to search Day's company office and computer files.

On October 14, 1998, Coulter and Jones asked Day to sign a prepared statement accepting responsibility for their misrepresentations.   Coulter and Jones told Day that they would assure the district court that the misrepresentations resulted from a miscommunication.   After Day signed the document, Coulter and Jones altered it by "adding a paragraph that was not there when [Day] signed it."[2]  Without his permission, defendants then withdrew from representing him.   Defendants

---

[2]      Day's amended complaint and opposition briefs did not provide the language of the added paragraph.

refused to go to court on Day's behalf and falsely told him that a hearing which he would have attended on his own was canceled.

Although defendants withdrew from representing Day, Coulter agreed to negotiate a settlement with Johnson on Day's behalf.  The negotiated settlement would have voided Johnson's non-compete agreement and required Day to return the $10,000 replevin bond to Johnson.  Coulter harassed Day for several days, saying that Day would not receive a fair hearing because the judge believed that he had lied to his lawyers, that he would be prosecuted criminally, that he would "leave the court in handcuffs" and that he would lose a separate legal action if he did not consent to the settlement.  Day eventually accepted the settlement and, as a result, he could not enforce Johnson's non-compete agreement and Day Advertising, Inc., was destroyed.

On December 12, 2000, Day filed a legal malpractice action against DeVries & Associates, Coulter and Jones in the Circuit Court of Jackson County, Missouri.[3]  See James C. Day and Day Advertising, Inc. v. F. Coulter DeVries, Daniel R. Jones and DeVries & Associates, P.C., Case No. 00CV230398, 2005 WL 5138644 (Mo. Cir. May 06, 2005).  Plaintiff alleged that because of their negligence, he suffered $900,000 in damages and was unable to successfully enforce Johnson's non-compete agreement.  In April of 2005, the case proceeded to an eight-day jury trial. Day alleges that at trial, defendants offered perjured testimony and induced the trial judge to "call

---

[3]     Plaintiff's amended complaint makes numerous references to the lawsuit that he brought in Missouri state court against DeVries & Associates, Coulter and Jones, but he did not attach the relevant pleadings or documents.  In general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the Court considers, materials outside the pleadings.  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  The Tenth Circuit has recognized that where a document's authenticity is not in dispute, however, publicly filed court records which are central and referenced in plaintiff's complaint may be considered when resolving a motion to dismiss.  Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249, 1253 (10th Cir. 2005); Prager v. LaFaver, 180 F.3d 1185, 1188–89 (10th Cir. 1999).  Defendants' motions to dismiss includes a copy of the state court petition and jury trial minutes and judgment sheet, and plaintiff does not contest their authenticity.

plaintiff a liar and to impugn plaintiff's character and integrity in the presence of a jury, thereby violating his procedural due process rights to a fair and impartial jury." All defendants, including Janeen, were present in court throughout the trial. The jury returned a verdict for defendants.

On March 29, 2021, 16 years later, Day filed suit in this court, alleging that defendants' fraudulent statements during the state trial induced a corrupt judgment that must be set aside for fraud. Day also sought damages for monetary losses, including fees paid to defendants and destruction of his "multi-million dollar corporation," Day Advertising, Inc.

## Analysis

In reviewing a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded facts and construes any reasonable inferences in favor of plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Court will grant a motion to dismiss under Rule 12(b)(6) when the factual allegations fail to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, they must contain facts sufficient to state a claim that is plausible rather than merely conceivable. In re Motor Fuel Temperature Sales Pracs. Litig., 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679. The Court need not accept as true those allegations which state only legal conclusions. See id.

All defendants argue that the Court should dismiss plaintiff's complaint because the statute of limitations bars his claims and plaintiff does not plead fraud with requisite particularity.[4]

---

[4] Defendants also argue that plaintiff did not state a claim under the Rooker-Feldman doctrine, see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983), and that he does not comply with the Court's order dated October 18, 2021. Because the statute of limitations and Rule 9(b) particularity requirement grounds are dispositive, the Court does not address defendants' other arguments.

Plaintiff asserts that the statute of limitations does not bar his claims and that he has sufficiently stated a claim upon which relief may be granted.  The Court discusses each claim in turn.

## I.      Breach of Fiduciary Duty

Plaintiff argues that defendants breached their fiduciary duties by offering perjured testimony during the malpractice trial and inducing the judge to call plaintiff a liar and impugn his character and integrity in front of the jury.  First Amended Complaint (Doc. #24), ¶ 31.  Plaintiff alleges that this testimony included an "altered and/or forged" statement that plaintiff signed.  Id., ¶ 35.  Plaintiff claims that as a result, the trial court entered a judgment in defendants' favor.  Defendants argue that the Kansas statute of limitations bars plaintiff's breach of fiduciary duty claim because the facts on which plaintiff relies occurred more than 16 years ago.  Defendants' DeVries and Jones' Motion To Dismiss (Doc. #26) at 5–6.  Plaintiff does not respond to this argument.

Typically, a statute of limitations is an affirmative defense, but it may be resolved on a Rule 12(b)(6) motion to dismiss where application of the limitations period is apparent on the face of the complaint.  Radloff-Francis v. Wyo. Med. Ctr., Inc., 524 F. App'x 411, 412 (10th Cir. 2013); see GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  When assessing a statute of limitations argument on a motion to dismiss, the question is whether "the dates given in the complaint make clear that the right to be sued upon has been extinguished." Aldrich v. McCulloch Prop., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  When it is evident from the complaint that plaintiff's claims are time-barred, plaintiff bears the burden of establishing a factual basis for tolling the statute.  Key v. Exxon Mobil Corp., 508 F. Supp. 3d 1072, 1083 (E.D. Okla. 2020) (citing Aldrich, 627 F.2d at 1041 n.4).  This burden must be met through factual allegations supporting plaintiff's failure to discover the injury and its cause, as well as facts

-6-

demonstrating the exercise of reasonable diligence to discover the cause of the injury.  Id.;
see Olson v. Fed. Mine Safety & Health Rev. Comm'n, 381 F.3d 1007, 1014 (10th Cir. 2004)
(party claiming benefit of equitable tolling of limitations period bears burden of "proving
justifiable circumstances").

As a general rule in Kansas and elsewhere, a federal court exercising diversity jurisdiction
applies the statute of limitations of the forum state.  Dow Chem. Corp. v. Weevil-Cide Co., 897
F.2d 481, 483–84 (10th Cir. 1990).  In Kansas, the statute of limitations for breach of fiduciary
duty is two years.  K.S.A. § 60-513(a)(4); Mynatt v. Collis, 274 Kan. 850, 866, 57 P.3d 513, 525
(2002).  A cause of action for breach of fiduciary duty occurs at the latter of (1) the date when
plaintiff suffers a substantial injury or (2) the date when the "injury becomes reasonably
ascertainable to the injured party."  K.S.A. § 60-513(a)(4), (b).  In determining the date on which
an injury is reasonably ascertainable, the Court applies an objective standard based on all of the
surrounding circumstances.  Hutton v. Deutsche Bank AG, 541 F. Supp. 2d 1166, 1169–70 (D.
Kan. 2008).  To trigger the running of the statute of limitations, the critical information is
knowledge of the fact of injury, not the extent of injury.  Brueck v. Krings, 230 Kan. 466, 470, 638
P.2d 904, 907–08 (1982).

By plaintiff's own contentions, his injuries all resulted from testimony in 2005.[5]  The
malpractice trial began on April 18 and concluded on April 28, 2005.  On May 6, 2005, the state
court entered judgment, dismissing plaintiff's claims against defendants at his cost.  Defendants'
DeVries and Jones' Motion To Dismiss (Doc. #26-2) at 5.  Plaintiff's complaint alleges that he

---

[5]      The Court used the Jury Trial Minutes and Judgment Sheet from the Missouri state
court to determine these dates.  See Defendants' DeVries and Jones' Motion To Dismiss
(Doc. #26-2); See Prager v. LaFaver, 180 F.3d 1185, 1189 (10th Cir. 1999) (court may consider
materials defendant attaches if plaintiff refers to them, they are central to plaintiff's claim and
plaintiff does not dispute them).

suffered two injuries from defendants' breach of fiduciary duties—tarnished character and integrity in front of the jury and loss of fees paid to defendants.  First Amended Complaint (Doc. #24), ¶ 31, 38.

Plaintiff's injuries were reasonably ascertainable—if not obvious—at the conclusion of the malpractice case.  During trial, plaintiff could reasonably ascertain whether defendants made false, detrimental statements about him.  After the court entered judgment in 2005, plaintiff also knew that the case was dismissed at his cost.  In his complaint and opposition briefs, plaintiff suggests no factual basis for tolling the statute of limitations.  See Olson, 381 F.3d at 1014.

Plaintiff filed his complaint in 2021.  He could have reasonably ascertained his injuries 16 years before filing this lawsuit and Section 60-513(a)(4) therefore bars his breach of fiduciary duty claim against all defendants.

## II.     Fraud On The Court

Plaintiff alleges that defendants committed fraud on the court when they "offered false and perjured testimony and induced a trial court judge to call plaintiff a liar and to impugn [his] character and integrity in the presence of a jury."  Plaintiff alleges that this testimony resulted in a fraudulent judgment in defendants' favor.  Defendants argue that fraud on the court is not a legally cognizable private cause of action for damages under state or federal law, that the statute of limitations bars his complaint and that in any event, the claim does not satisfy the heightened pleading requirements under Fed. R. Civ. P. 9(b).

In an unpublished opinion which does not constitute binding precedent, the Tenth Circuit has recognized an independent federal cause of action for fraud against the court.  Vance v. U.S., 60 F. App'x 236, 239 (10th Cir. 2003); see Jiricko v. Frakenburg Jensen Law Firm, 2018 WL 1363837 (D. Utah Mar. 15, 2018), aff'd, 764 F. App'x 664 (10th Cir. 2019) (citing United States

v. Buck, 281 F.3d 1336, 1341 (10th Cir. 2002).  However, the claim must be pleaded with the requisite particularity under Rule 9(b).  Vance, 60 F. App'x at 239.  To state a claim for fraud, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000).  Rule 9(b)'s purpose is to "afford defendant[s] fair notice of plaintiff's claims and the factual ground on which they are based."  Id. (internal citations omitted).

Plaintiff's allegations do not plead fraud with any particularity whatsoever.  See Fed. R. Civ. P. 9(b).  Plaintiff's complaint is vague, stating that "defendants presented false and perjured testimony to a court."  First Amended Complaint (Doc. #24), ¶ 34–35.  The complaint specifies nothing about the content of the perjured testimony, only reciting that defendants "altered and/or forged portions of a statement defendants signed, thus fabricating evidence."  Id., ¶ 35.  Furthermore, plaintiff's complaint does not identify any specific defendant who fraudulently testified, which is an important requirement in a case with more than one defendant.  See Koch, 203 F.3d at 1237.  Plaintiff does not set forth any specific allegations of "who, what, when, where or how" defendants committed "fraud on the court."  See U.S. ex rel. Lacy v. New Horizons, Inc., 348 F. App'x 421, 424 (10th Cir. 2009) (at minimum, Rule 9(b) requires that plaintiff set forth the who, what, when, where and how of the alleged fraud).

Even if plaintiff's complaint stated more than just conclusory allegations, his fraud on the court claim is barred by the Kansas statute of limitations.  In Kansas, the statute of limitations for a fraud cause of action is two years.  K.S.A. § 60-513(a).  The statute of limitations is not triggered by actual knowledge of the fraud, but the time of actual discovery or when, "with reasonable

diligence, the fraud could have been discovered." Mid Kansas Agri Co. v. Pawnee Cnty. Cooperative Ass'n, No. 122,796, 504 P.3d 461 (Table) 2022 WL 570815, at *8 (Kan. Ct. App. Feb. 25, 2022). As noted above, plaintiff's alleged injuries all result from trial testimony in 2005. During the trial, with due diligence, plaintiff could have discovered whether defendants made false, detrimental statements about him. Plaintiff filed this complaint 16 years later and suggests no factual basis for tolling the statute of limitations. Section 60-513(a) therefore bars his fraud on the court claim against all defendants.

IT IS THEREFORE ORDERED that Defendant Janeen DeVries' Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b) Or, In The Alternative, For Failure To Comply With The Court's Order Dated October 18, 2021 (Doc. #25) filed December 29, 2021 is **SUSTAINED IN PART**.

IT IS FURTHER ORDERED that Defendants DeVries and Jones' Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b) Or, In The Alternative, For Failure To Comply With The Court's Order Dated October 18, 2021 (Doc. #26) filed December 29, 2021 is **SUSTAINED IN PART**.

IT IS FURTHER ORDERED that Defendant DeVries And Associates, PC's Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b) Or, In The Alternative, For Failure To Comply With The Court's Order Dated October 18, 2021 (Doc. #31) filed January 19, 2022 is **SUSTAINED IN PART**.

IT IS FURTHER ORDERED that Plaintiff's Motion For Leave To File [Response] Out Of Time (Doc. #36) filed March 2, 2022 is **SUSTAINED**.

**This action is hereby dismissed with prejudice.**

Dated this 13th day of April, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge