IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES CONLON DAY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**F. COUTLER DEVRIES, et al.,** )<br>)<br>)<br>**Defendants.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 21-2146-KHV** |

## MEMORANDUM AND ORDER

On June 6, 2023, the Tenth Circuit Court of Appeals held that the Rooker-Feldman doctrine bars plaintiff's claim for damages resulting from fraud on the court in related state court litigation. See Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Because this Court had failed to address that issue, the Tenth Circuit remanded plaintiff's appeal to this Court with instructions to dismiss plaintiff's fraud-on-the-court claim without prejudice for lack of subject matter jurisdiction. See Day v. Devries, No. 22-3107, 2023 WL 4363894 (10th Cir. July 6, 2023). On July 21, 2023, the Court did so.

Three months later, on November 3, 2023, plaintiff filed the pending Motion To Reopen This Case And Vacate The Dismissal Pursuant To Void Judgment (Doc. #51). Plaintiff's motion emphasizes that he "is **not** challenging the rulings in this case" or "**challenging the state court's judgments**," but the Court cannot discern any other point to the motion. Plaintiff's motion is laser-focused on the related state litigation and seeks damages for constitutional violations which allegedly occurred therein. More to the point, plaintiff argues that "[t]his case was erroneously dismissed pursuant to the **Rooker-Feldman** doctrine" because before the Rooker-Feldman

dismissal, the state court had lost subject matter jurisdiction.[1]  He therefore seeks to vacate the Rooker-Feldman dismissal and reinstate his original claims.

For several reasons, plaintiff's motion is without merit.

First, even if the Court were to vacate the Rooker-Feldman dismissal, plaintiff's complaint would be subject to dismissal on other grounds.  This Court previously dismissed plaintiff's fraud-on-the-court claim on the merits, holding that plaintiff had not timely filed suit under the Kansas statute of limitations, K.S.A. § 60-513(a)(4), and had not pleaded his claim with sufficient particularity under Rule 9(b), Fed. R. Civ. P.  Day v. DeVries, No. CV 21-2146-KHV, 2022 WL 1120510, at *5 (D. Kan. Apr. 14, 2022), appeal dismissed and remanded, No. 22-3107, 2023 WL 3842664 (10th Cir. June 6, 2023).  On appeal, the Tenth Circuit did not question those rulings.  Even if Rooker-Feldman did not apply, this Court has already held that plaintiff's claims cannot proceed.  Accordingly, if plaintiff received the relief which he requests — vacating the Rooker-Feldman dismissal — plaintiff's position would not improve: the Court would dismiss his claims on other, previously litigated, grounds.

Second, the Court agrees that Rooker-Feldman deprives this Court of subject matter jurisdiction.  See Day v. Devries, No. 22-3107, 2023 WL 3842664, at *2–4 (10th Cir. June 6, 2023).  The Court is in full agreement with the Tenth Circuit analysis of this issue.

Finally, this Court has no jurisdiction to entertain a collateral attack on the Tenth Circuit conclusion that Rooker-Feldman deprives this Court of subject matter jurisdiction over plaintiff's case.  See United States v. Dutch, 978 F.3d 1341, 1345 (10th Cir. 2020) (decision by court of appeals establishes law of the case and prevents issue which it decided from being relitigated on

---

[1] Although plaintiff's reasoning is not crystal clear, his theory seems to be that Rooker-Feldman cannot apply because the state court never entered a valid judgment.

remand); Entek GRB, LLC v. Stull Ranches, LLC, 840 F.3d 1239, 1241 (10th Cir. 2016) (law of the case doctrine precludes "relitigation of issues either expressly or implicitly resolved in prior proceedings in the same court"). The Tenth Circuit has carved out several exceptions to the rule that the district court must "strictly comply with any mandate" rendered by the Tenth Circuit on remand but none of the exceptional circumstances apply here. United States v. West, 646 F.3d 745, 747–48 (10th Cir. 2011) (district court required to "strictly comply with any mandate rendered by [Tenth Circuit] on remand"); Dutch, 978 F.3d at 1345–46 (exceptional circumstances to mandate rule include "dramatic change in controlling authority, significant new evidence that was not obtainable earlier through due diligence, or a blatant error from the prior sentencing decision that would result in serious injustice if left uncorrected").

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Reopen This Case And Vacate The Dismissal Pursuant To Void Judgment (Doc. #51) filed November 3, 2023 be and hereby is **OVERRULED**.

Dated this 8th day of December, 2023 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge